Kevin ARMSTRONG et al., Plaintiffs,

v.

Donald J. O'CONNELL, et al., Defendants,

Milwaukee Teachers' Education Association, Undesignated Intervenor.

Civ. A. No. 65–C–173.

United States District Court, E. D. Wisconsin.

July 9, 1976.

Lloyd A. Barbee, Milwaukee, Wis., for named plaintiffs.

Irvin B. Charne, Milwaukee, Wis., for the absent members of the plaintiff classes.

L. C. Hammond, Jr., Ross R. Kinney, and Patrick W. Schmidt,. Milwaukee, Wis., for defendants.

Curry First, Milwaukee, Wis., for Milwaukee Teachers' Education Ass'n, undesignated intervenor.

## ORDER

REYNOLDS, Chief Judge.

On June 29, 1976, the defendants in the above-captioned action filed with the court a document entitled "Preliminary Recommendations for Increasing Educational Op-

portunities and Improving Racial Balance" (hereinafter referred to as the "Preliminary Recommendations"). Written comments on the Preliminary Recommendations were solicited from and filed by the Special Master and counsel for all parties of record. A hearing was held with respect to the Preliminary Recommendations on July 7, 1976, at which time counsel was afforded the opportunity to make oral presentations to the Court. Upon the basis of the aforementioned documentary materials and oral presentations,

IT IS ORDERED:

1. STUDENT DESEGREGATION— Giving due consideration to the defendants' expressed good faith and their declared intention to actively involve parents, teachers, teacher representatives, school administrative personnel, and other community groups in the implementation of the order of this Court dated June 11, 1976, the defendants shall commence the process of student desegregation of the Milwaukee public school system in accordance with the concepts embodied and the procedures set forth in Appendices C and D and at pages 10–14 of the main body of the Preliminary Recommendations.

The foregoing order is limited, however, to those steps which defendants propose be taken during the 1976–1977 school year. With respect to those portions of the Preliminary Recommendations which relate to the 1977–1978 and 1978–1979 school years, the absence of greater detail makes it impossible for the Court to determine whether the measures adumbrated therein will be sufficient to achieve the objective of the complete desegregation of the Milwaukee public school system by September 30, 1978, which objective is contained in the Court's order of June 11, 1976. In light of that fact, the Court will abstain from any consideration of the merits of the defendants' proposals for action to be taken during those two years pending the submission of a more detailed description thereof.

■ The Court is convinced, however, that those portions of the Preliminary Recommendations which outline a process for initiating the desegregation effort in the 1976–1977 school year constitute a good faith effort at achieving significant and substantial progress towards the goal which the Court has established. It is appropriate, therefore, that the defendants shall proceed accordingly.

■ 2. MODIFICATION PROCEDURE—In the event the defendants wish to modify or otherwise alter the provisions for September 1976 desegregation as contained in Appendices C and D and at pages 10–14 of the main body of the Preliminary Recommendations, they shall file with the court and serve upon the Special Master and counsel of record a detailed description of the proposed modification or alteration. Within five days thereafter, the Special Master, or any party, may serve upon the defendants and file with the court a written objection thereto.

If a written objection is made within the five-day period, it must be followed, within an additional five days, by a written statement detailing the precise grounds of the objection. Upon the filing of such a statement with the court and service upon the Special Master and counsel, the parties and the Special Master shall meet and attempt to negotiate the disagreement. In the event that agreement cannot be reached, the Special Master shall so notify the Court and the matter will be taken up by the Court as promptly as possible, with implementation of the proposed modification or alteration held in abeyance pending the Court's approval thereof. If, however, agreement is reached and the proposed modification or alteration does not conflict substantively with any outstanding order of the Court, the parties shall file with the court a stipulation to that effect, in which event the modification or alteration shall be deemed part of the desegregation process authorized by the preceding section and may be immediately implemented without the need for additional court action or approval.

If the defendants do not receive written objection within the aforementioned five-day period and the proposed modification or

alteration does not conflict substantively with any outstanding order of the Court, the modification or alteration shall be deemed part of the desegregation process authorized by the preceding section and may be immediately implemented without the need for additional court action or approval.

■ 3. CONSTRUCTION—The injunction imposed on certain construction projects in this Court's June 11, 1976, order is hereby revoked as to all construction except Vincent High School. As to Vincent High School, the defendants shall submit to all parties, the Special Master, and the Court, as expeditiously as possible, an impact statement concerning the expected effect of the construction of Vincent High School on future desegregation efforts, which statement shall contain at least the following information:

(a) The student body racial percentages of Vincent High School were it operating today given the planned feeder pattern, and a description of said pattern— the student body racial percentages shall be by grades, if that information is available;

(b) The student body racial percentages of Vincent High School were it to open in 1978 given the planned feeder pattern and taking into account the predicted racial changes in the residential area which would feed Vincent High School—the student body racial percentages shall be by grades, if that information is available;

(c) The present plans, if any, for obtaining racial balance at Vincent High School;

(d) The anticipated career specialty, if any, to be implemented at Vincent High School, and the source of the students who will be participating in that specialty program;

(e) The anticipated effect, if any, of intra and inter-district transfers on the student body racial percentages at Vincent High School; and

(f) The method of any student transportation required by any of the above.

After transmittal of the impact statement to all parties, the Special Master, and the Court, the procedures and time sequence for objecting to proposed modifications as set forth in paragraph 2 above shall apply, and the failure to so object shall be deemed to be an acquiescence by the parties and the Special Master in the revocation of the injunction. Absent any such objection or request by the Court for hearing thereon within the first five-day period, the injunction on Vincent High School construction shall be automatically revoked. If an objection is filed, the parties and the Special Master shall attempt to resolve the same through conferences, and any agreed upon modifications or additions shall be submitted to the Court, and the injunction shall thereupon be lifted unless the Court requires a hearing.

■ 4. DESEGREGATION FINANCING—The defendants are ordered to use the unappropriated December 31, 1975, school budget surplus of $3,564,976 to finance the desegregation planning and the implementation herein ordered.

5. FACULTY ASSIGNMENT AND TRAINING—Representatives of the Milwaukee Teachers' Education Association (hereinafter "MTEA") and the defendants shall promptly meet for the purpose of resolving differences between them with regard to staffing and inservice education. Good faith efforts to resolve these differences shall be completed by July 19, 1976. In the event the MTEA and the defendants cannot reach agreement on ·these matters by July 19, 1976, the Special Master shall, upon the request of either party, and after conferring with each, promptly resolve the dispute, such resolution to be achieved by ·July 21, 1976. The plaintiffs shall be given an opportunity to meet and confer with the Special Master prior to the issuance of his decision if he is required to act on this subject.

6. FUTURE DESEGREGATION PLANNING—On or before December 1, 1976, the defendants shall submit to the Court a detailed memorandum describing the steps defendants propose to take in

**1350**

order to complete the process of the desegregation of the Milwaukee public school system by September 30, 1978. The memorandum should specifically include provisions for the desegregation of administrative and other supportive school personnel not encompassed by the faculty desegregation provisions of the Court's order of June 11, 1976.

The defendants shall also include in the aforementioned memorandum specific items or topics relating to future desegregation efforts designated by the Special Master in written notice served on the defendants prior to November 1, 1976.

7. STATUS REPORT—On August 18, 1976, at 2:00 P.M., a status report will be held in chambers, Room 471, Federal Building, Milwaukee, Wisconsin. The Special Master and counsel shall be prepared to make a report to the Court at that time with respect to the progress of desegregation efforts.

8. PREVIOUS ORDERS—Previous orders of the Court not inconsistent with this order shall remain in full force and effect.

9. CONCLUDING COMMENTS—This order and the Court's order of June 11, 1976, constitute a final order directing the defendants to implement a plan for commencing the desegregation of the Milwaukee public school system during the 1976–1977 school year. This Court is aware of The Emergency School Aid Act, 20 U.S.C. § 1601, et seq., and it has issued this order with an awareness of the requirements for receiving such federal aids.